IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JUAN ANTONIO NET-BRUNET, MARTA COSTAS-LATONI, and CONJUGAL PARTNERSHIP NET-COSTAS<br><br>**Plaintiffs,**<br><br>v.<br><br>PRIVATE EQUITY SOLUTIONS, LLC, a Florida limited liability company,<br><br>**Defendant.** | **CIV. NO. 24-1368 (RAM)** |

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Private Equity Solutions, LLC of Florida's ("Defendant" or "PES FL") *Motion for Summary Judgment to Dismiss for Failure to State a Claim* ("*Motion for Summary Judgment*") and *Supplement to Motion for Summary Judgment*, as well as Plaintiff Juan Antonio Net-Brunet's ("Plaintiff" or "Net")[1] *Motion for Substitution of Party*. (Docket Nos. 21, 37, and 34, respectively). For the following reasons, the Court **GRANTS** Defendant's *Supplement to Motion for Summary Judgment* and **DENIES** Plaintiff's *Motion for Substitution of Party*. The Court **FINDS AS MOOT** Defendant's *Motion for Summary Judgment*.

---

[1] Mr. Net is joined in the *Complaint* by Marta Costas Latoni and their conjugal partnership. (Docket No. 1 ¶ 1). For ease of reference, the Court uses the term Plaintiff to refer to Mr. Net specifically and to refer to his position, which is shared with his co-plaintiffs.

## I.    BACKGROUND

On August 16, 2024, Plaintiff filed a *Complaint* against Defendant for breach of contract, fraud in the inducement, and unjust enrichment. (Docket No. 1). In essence, Plaintiff claims that Private Equity Solutions ("PES") materially breached its obligation to pay him, a third-party beneficiary, for dividends on preferred shares he owned in BEEWEE Solutions Corp. ("BEEWEE"), pursuant to agreements from 2010 and 2015. Id. As a preliminary note, Plaintiff refers to Ferdinand Ruaño ("Ruaño") as the principal of PES and includes him in factual allegations common to all claims. Id. ¶ 19; *see* id. ¶¶ 6-42.

According to the *Complaint*, in July 2010, PES entered into a "warehousing" purchase agreement for certain assets of BEEWEE (the "2010 Agreement"), providing that PES would retain the residual resulting from the transaction as a reserve to pay preferred shareholders and creditors. Id. ¶¶ 20-21. In February 2015, Mr. Net and PES entered into an agreement to transfer corporate shares (the "2015 Agreement") – wherein Mr. Net agreed to sell PES his common shares while retaining his preferred shares. Id. ¶¶ 22-24. Plaintiff alleges that while PES continued to pay interest payments to other preferred shareholders of BEEWEEE as an acquired obligation under the agreements, PES has repeatedly delayed and failed to make payments to Mr. Net. Id. ¶¶ 27-37.

Therefore, Plaintiff asserts that PES is liable for materially breaching its obligation to pay Mr. Net for his preferred shares of BEEWEE as agreed. Id. ¶¶ 43-46. Furthermore, Plaintiff alleges PES induced him into entering and executing the purchase sale of certain assets of BEEWEE by making material representations and false assurances that PES would honor the terms of its agreement with preferred shareholders – including payment for shares and payment of dividends on those shares. Id. ¶¶ 47-57. Lastly, Plaintiff claims Defendant was unjustly enriched since PES continues to retain a conferred monetary benefit without properly compensating Mr. Net. Id. ¶¶ 58-65.

On December 20, 2024, Defendant filed a *Motion for Summary Judgment* to dismiss the *Complaint* under Fed. R. Civ. P. 56 and 12(b)(6), for failure to state a claim upon which relief can be granted. (Docket No. 21). Defendant asserts that Plaintiff's claims arise from two contracts entered into between Net and Private Equity Solutions, LLC of Puerto Rico ("PES PR") – a separate entity from PES FL, the Defendant. Id. at 1, 4-5. Further, Defendant highlights that said contracts were executed on July 30, 2010, and February 25, 2015 – before the organization of PES FL in Florida on September 17, 2015. Id. at 4-6. Accordingly, Defendant alleges that PES FL has never had a contractual or any other relationship with Net that would render it liable for the asserted

claims. Id. at 1, 4-5. Defendant hypothesizes that Plaintiff joined PES FL as a defendant to acquire diversity jurisdiction. Id. at 4.

Plaintiff filed a motion requesting to conduct discovery to oppose the *Motion for Summary* Judgment, pursuant to Rule 56(d). (Docket No. 26). Plaintiff attached an affidavit from Mr. Net based on his knowledge of PES FL being a successor company to PES PR, "rather than there being two separate legal entities." Id. at 2. Mr. Net believes that other BEEWEE shareholders received dividend checks from PES FL – so copies of said checks would ruin Defendant's argument that it is not liable. Id. Plaintiff also sought consolidated financial statements of PES PR and PES FL – since Mr. Net understands they would demonstrate that only PES FL has economic activity, and that any PES PR economic activity, if any, is "related to real estate owned in Puerto Rico and not payments to preferred shareholders." Id. Additionally, Plaintiff sought to subpoena the rental agreement for FRA Services, Inc. ("FRA")[2], expecting it to show that PES PR has no leasing agreement with FRA to share its office space in Puerto Rico since it is not listed on the building's physical directory. Id.

---

[2] According to Mr. Ruaño's deposition, he is 100 percent owner of FRA. (Docket No. 34 at 18). Additionally, FRA is 50 percent owner of PES PR, with Mr. Ruaño composing the other 50 percent. Id.; (*see* Docket No. 21-5 at 2). Pursuant to the LLC Operational Agreement for PES PR, management of PES PR was vested in FRA. (Docket No. 21-5 at 2).

Plaintiff also sought testimony via deposition from Mr. Ruaño and Arleen Melendez, PES's accountant. Id. Plaintiff expected the scope of his queries to include the lack of an address in Puerto Rico for PES PR; whether PES PR has a bank account; whether PES PR financial statements are prepared together with PES FL since PES PR has no economic activity; whether PES PR filed income tax returns since 2019 – when it ceased to have physical presence in PR according to reports filed with the Puerto Rico Department of State; whether the PES FL website accurately states it was founded in 2010 and "describes the Florida and Puerto Rico entities without distinguishing between them"; why the website-listed address is a shuttered office (and where the Puerto Rico Department of State said FRA Services is located and not PES); and all other topics related to PES PR being an ongoing business in Puerto Rico. Id. at 2-3.

Plaintiff asserted that all these materials would bolster his argument that PES FL "has recognized its liability to the preferred shareholders, including Mr. Net." Id. at 3. Information that PES PR has had no economic activity in Puerto Rico since 2018 would preclude PES PR from paying dividends to either Mr. Net or other preferred shareholders since that time. Id.

The Court granted the motion, allowing until May 13, 2025, to complete the requested discovery and until June 27, 2025, for a

response in opposition to the *Motion for Summary Judgment*. (Docket No. 32).

On June 27, 2025, Plaintiff filed a *Motion for Substitution of Party*, attaching a proposed amended complaint. (Docket No. 34). Plaintiff asserts that at Mr. Ruaño's deposition, he testified that an entity named Lazarus Capital Development, LLC ("Lazarus"), incorporated in Delaware, pays his salary and that of other employees at PES PR and PES FL, payments made to preferred shareholders, and all the obligations of PES PR. Id. at 1-2; (*see* Docket No. 34-1). Additionally, Mr. Ruaño stated that rent from PES PR properties is paid to Lazarus, and that Lazarus manages PES PR's portfolio and pays its expenses. Id. Accordingly, Plaintiff asserts that Lazarus is the real party in interest since it controls both the management of PES PR and PES FL, and it is obligated to pay the obligations of those entities – including Mr. Net's dividends on his preferred shares. Id. at 2. Thus, Plaintiff seeks to amend the *Complaint* to substitute Lazarus for PES FL. Id. at 2-3 (referencing Fed. R. Civ. P. 25(c) and citing Rodríguez-Miranda v. Benin, 829 F.3d 29, 42 (1st Cir. 2016)).

On July 18, 2025, Defendant filed a *Supplement to Motion for Summary Judgment and Opposing Plaintiff's Motion for Substitution of Party and to Amend Complaint* ("*Supplement*"). (Docket No. 37). In the *Supplement*, Defendant reiterates prior arguments and moves

to dismiss the *Complaint* for lack of diversity jurisdiction. Id. at 2, 9-16. Defendant argues that the undisputed facts are: (1) Plaintiff's relationships and actions have been in Puerto Rico, with Puerto Rican entities; and (2) discovery proves the separation between PES FL and PES PR, as well as the lack of diversity jurisdiction. Id. at 3-9.

Specifically, in Defendant's reading of the *Complaint*, the liable parties are BEEWEE and PES PR – both of whom are "indispensable parties, incorporated and with place of business in Puerto Rico."[3] Id. at 13-16. Defendant maintains that PES FL is not a successor of PES PR, and that the latter is "still an active corporation in Puerto Rico." Id. at 2-3. Therefore, PES FL is not liable for the claims in the *Complaint*, and, similarly, Lazarus is not liable either for the same reasons – it is a third party unrelated to Plaintiff, and the proposed amended complaint fails to state a valid cause of action against it. Id. at 10-13. Defendant also asserts that Plaintiff should be sanctioned for frivolity, obstinacy, and temerity. Id. at 19-21.

On August 1, 2025, Plaintiff filed an *Opposition to Supplemental Motion for Summary Judgment and Draft Reply to*

---

[3] Defendant contends that the party liable for the dividend payments to Net is BEEWEE (although the Complaint alleges that it is PES PR, a separate corporation from BEEWEE). Id. at 13-16. Pursuant to PES PR's Preferred Participation Agreement, Defendant asserts that PES PR was entitled to pay dividends to its preferred shareholder investors. Id. at 16-19.

*Opposition to Motion to Substitute Party* ("*Reply*"). (Docket No. 41). Plaintiff argues that the principal of PES PR (Mr. Ruaño) – which assumed the obligations for paying BEEWEE's preferred shareholders – "has admitted that Lazarus has assumed the payment obligations" of PES PR. Id. at 4-5. Plaintiff thus avers there is no dispute as to liability, since Mr. Ruaño "admitted that Lazarus is liable" for PES PR's payment obligations (except possibly minor matters like payments for office space cleaning). Plaintiff also contends that PES PR is not an indispensable party since: (1) Lazarus incurs its payment obligations and PES PR would not be prejudiced by a judgment against Lazarus; (2) if a possible judgment could prejudice PES PR, the Court could rule that no judgment be executed against it; (3) PES PR is not necessary for a determination of Lazarus' liability to Net; and (4) the "availability of an adequate remedy in the event of dismissal" exists, but the prior four factors favor Plaintiff. Id. at 5-6 (citing Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 14-15 (1st Cir. 2008)). Plaintiff highlights that any argument that Lazarus lacks liability to Net "because BEEWEE had none is belied by the very documents Defendant cites." Id. at 6.

On August 2, 2025, Plaintiff filed a *Motion Submitting Exhibits 3 and 4 to the Corrected Opposition to Defendant's Rule 56 Statement Under Seal*. (Docket No. 46). On August 13, 2025,

Defendant submitted certified translations of the exhibits supporting its *Supplement*. (Docket No. 54).

On August 28, 2025, Defendant filed for leave to submit an email exchange supplementing its prior motion ("*Motion Submitting Exhibit*"). (Docket No. 56). According to Defendant, the emails dated August 1 and 2, 2016, show Mr. Net requesting from Mr. Ruaño (as president of both BEEWEE and PES PR) the liquidation of his preferred shares in BEEWEE. (Docket No. 56-1). Mr. Ruaño responded that BEEWEE "has no assets[ and] does not generate income," that stocks are not debts that can be accelerated when payment is requested, and that if the entity has no assets, then the value of stock is none or negative if the company owes more than its worth. Id. Further, Mr. Ruaño highlighted that "debts and accounts payable ha[d] to be paid before making any payment to the preferred stockholders." Id. ("Therefore, you would have to wait for the entity to commence generating income, be sold, be liquidated or be dissolved.").

On September 2, 2025, Plaintiff filed an *Opposition to Motion Submitting Exhibit* in response, asserting that Mr. Ruaño's self-serving email has no relevance to the Court's jurisdictional authority and is inaccurate because the "financial statement contemporaneous with the period in which Mr. Ruaño is informing Mr. Net that Beewee Solutions has no assets states that Beewee

Solutions' assets had *increased*."[4] (Docket No. 61 (emphasis in original)). Moreover, Plaintiff argues that Mr. Ruaño testified repeatedly that Lazarus alone was responsible for the liabilities of PES FL and PES PR. Id. at 2.

On September 4, 2025, Defendant filed a reply, maintaining that "[d]espite the purported contradiction" that Plaintiff claims between Mr. Ruaño's testimony and PES PR's financial statements, the Court is unable to provide complete relief as stipulated by Fed. R. Civ. P. 19(a)(1) without the participation of PES PR and BEEWEE. (Docket No. 62 at 1-2). Accordingly, Defendant contends that the case should be dismissed for Plaintiff's failure to join said indispensable parties under Fed. R. Civ. P. 41(b), and substituting Defendant for Lazarus does not alter this fact. Id.

On September 4, 2025, Plaintiff filed a notice of intent to respond to this reply, highlighting that: (1) "PES's principal testified that the only entity with responsibility for the financial obligations of PES [PR] is Lazarus" and (2) all six entities with the moniker BEEWEE on Puerto Rico's Department of State corporation search results have either been dissolved or cancelled. (Docket No. 63). In his reply on September 8, 2025, Plaintiff argues that Mr. Ruaño's statement in his email to Mr.

---

[4] Exhibits 2 and 3 were filed under seal. (Docket No. 60).

Net that BEEWEE had no assets on August 2, 2016, is false; PES PR's financial statements from 2016 through 2019 reflect a value increase. (Docket No. 65 at 2 ("Ruaño's testimony that PES absorbed the loss is untrue[,] PES absorbed the benefit.")). Additionally, Plaintiff argues that Defendant's reply did not qualify for filing because it failed to meet Local Rule 7(c) criterion of responding to new material – it simply reiterated the conclusory argument that BEEWEE, which in its various iterations has been cancelled or dissolved, was responsible for the obligation to Mr. Net that PES PR assumed. Id. at 2-3. Furthermore, Plaintiff asserts that Defendant makes conclusory arguments that PES PR is an indispensable party without citing a case to explain why "Ruaño's testimony that the party with the obligation to pay is Lazarus should not be credited." Id. at 3. Accordingly, Plaintiff seeks denial of the *Motion for Summary Judgment* and its supplement, the striking of Defendant's unauthorized reply, and the granting of his motion to substitute Lazarus for PES FL and leave to amend. Id. at 4.

## II.  APPLICABLE LAW

"Rule 19 addresses situations where a lawsuit is proceeding without a party whose interests are central to the suit." Bacardi Int'lLtd. v. V. Suarez & Co., Inc., 719 F.3d 1, 9 (1st Cir. 2013) (citing Picciotto, 512 F.3d at 15). "The Rule provides for joinder

of required parties when feasible, Fed. R. Civ. P. 19(a), and for dismissal of suits when joinder of a required party is not feasible and that party is indispensable, Fed. R. Civ. P. 19(b)." Id. Courts are to make "pragmatic, practical judgments that are heavily influenced by the facts of each case." Id. ("Questions under Rule 19(a) are fact-bound and driven by the nature of the issues before the court."); *see* Picciotto, 512 F.3d at 14-15. Rule 19 furthers several policies, including "the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of absentees in avoiding the possible prejudicial effects of deciding the case without them." Z&B Enters., Inc. v. Tastee-Freez Int'l, Inc., 162 Fed.Appx. 16, 18 (1st Cir. 2006) (quoting Acton Co. of Mass. v. Bachman Foods, Inc., 668 F.2d 76, 78 (1st Cir. 1982)).

Under Rule 19(a), the Court first determines whether an absent party is necessary – "persons required to be joined if feasible." It defines a "required party" as a "person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction" that must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Joinder is not feasible if it will deprive the court of subject matter jurisdiction. *See* Z&B Enters., 162 Fed.Appx. at 18. If joinder of a necessary party is not feasible, the court must then determine whether the party is indispensable and "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). There are four non-exclusive factors to consider in making this Rule 19(b) indispensable party determination. Id. First, "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties." Fed. R. Civ. P. 19(b)(1). Second, "the extent to which any prejudice could be lessened or avoided by" (a) protective provisions in the judgment, (b) shaping the relief, or (c) other measures. Fed. R. Civ. P. 19(b)(2). Third, "whether a judgment rendered in the person's absence would be adequate." Fed. R. Civ. P. 19(b)(3). And fourth,

"whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Fed. R. Civ. P. 19(b)(4).

When a court determines that joinder of a "'necessary' parties is not feasible, but that they are, nonetheless, so 'indispensable' that the suit must not be litigated without them," Rule 19(b) provides for the dismissal of suits. Picciotto, 512 F.3d at 15 (citing Fed. R. Civ. P. 19(b)). "[W]hether to dismiss for nonjoinder is a practical determination that 'must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests.'" Id. at 16 (quoting Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 119 (1968)).

### III. DISCUSSION

The allegations in the *Complaint* (as well as the proposed amended complaint) stem from obligations PES PR acquired to make payments to preferred shareholders of BEEWEE, specifically dividends owed to Mr. Net – as a result of the 2010 Agreement[5] between BEEWEE and PES PR and the 2015 Agreement[6] between PES PR and Mr. Net. (*See* Docket Nos. 1 at 4-9 and 34-2). The *Complaint*, however, named PES FL as Defendant, and Plaintiff now seeks to

---

[5] (Docket Nos. 37-13 and 54-2).
[6] (Docket Nos. 37-17 and 54-6).

substitute Lazarus as Defendant instead. Id. Upon motion of Defendant PES FL, the Court will consider the threshold question of whether Plaintiff failed to join an indispensable party – PES PR.[7]

As a preliminary matter, based on the filings and statements of *both* parties, the Court finds that PES PR is still an active corporation operating as its own distinct entity for purposes of this case, regardless of whether Lazarus has assumed management of the majority of its expenses and obligations as Plaintiff alleges. PES PR still has investment properties and expenses on the ground in Puerto Rico. The Court notes the submission of separate bank account records for the PES LLC entity and the PES LLC Florida Account entity (*see* Docket Nos. 46-1 and 46-2], as well the "ACTIVE" status of Private Equity Solutions LLC on the Corporations Registry from the Department of State website for the Government of Puerto Rico (Docket Nos. 21-4 and 37-9).[8]

---

[7] Defendant also asserts that BEEWEE is an indispensable party, but the Court need not go into that analysis as well if PES PR is an indispensable party for which failure to join requires dismissal.

[8] Additionally, while the Court does not credit the various Consolidated Financial Statements for Private Equity Solutions, LLC and Subsidiaries, it does note statements contained therein as proffers or representations made by Defendant. (*See* Docket Nos. 37-33, 60-1, and 60-2). Specifically, the December 31, 2019 and 2018 statement, as well as the December 31, 2022 and 2021 statement, proffer that PES FL and Lazarus are the "wholly-owned subsidiaries" of PES PR. (Docket Nos. 60-2 at 9 and 37-33 at 8). For purposes of the consolidated financial statements, it is stated that the Private Equity Solutions, LLC referred to as the "Company" is the PES LLC "organized under the laws of the Commonwealth of Puerto Rico on June 30, 2010" – a.k.a. PES PR. Id. Since it is not crediting these consolidated financial

**A. PES PR is a necessary party under Fed. R. Civ. P. 19(a)**

Step one in a Rule 19 analysis requires the Court to decide "whether a person fits the definition of those who should 'be joined if feasible' under Rule 19(a)." Pujol v. Shearson/Am. Express, Inc., 877 F.2d 132, 134 (1st Cir. 1989) ("That is to say, is the person (what used to be called) a 'necessary' party?"). "Necessary parties are those 'who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it.'" Z&B Enters., 162 Fed.Appx. at 19 (quoting Shields v. Barrow, 58 U.S. 130, 139 (1854)). The Court must make pragmatic judgments to decide "whether considerations of efficiency and fairness, growing out of the particular circumstances of the case, require that a particular person be joined as a party." Pujol, 877 F.2d at 134.

The Court considers whether PES PR is a necessary party and "fits the definition of those who should 'be joined if feasible' under Rule 19(a)." See id. Pursuant to Rule 19(a), a party is necessary if (a) "in that person's absence, the court cannot accord complete relief among existing parties"; or (b) "that person claims

---

statements, the Court does not take these statements as truth for purposes of analyzing diversity jurisdiction and instead proceeds with the PES PR indispensability analysis.

an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may" either: (i) "as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a).

"Generally, in breach of contract actions, all parties to the contract are necessary ones." RVD Reality, Inc. v. Monroe Cnty. Sheriff's Off., No. 23-1397, 2024 WL 3937238, at *5 (D.P.R. Aug. 26, 2024). In this case, all of Plaintiff's claims stem from the contracts entered into between BEEWEE and PES PR, and then PES PR with Mr. Net himself.

    *i.   In PES PR's absence, complete relief cannot be afforded among existing parties. Fed. R. Civ. P. 19(a)(1)(A)*

First, the Court may not be able to grant complete relief to Plaintiff in the absence of PES PR. Plaintiff is seeking enforcement of contracts made with PES PR and BEEWEE. If this case were to proceed without them, they would not be bound by a judgment concerning the enforceability of the contracts to which they were parties. To proceed would be a waste of judicial resources. *See* Fed. R. Civ. P. 19 advisory committee note ("The interests that are being furthered [by Rule 19(a)(1)] are not only those of the

parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter."). Further, if Plaintiff prevails in this case, liability will rest with Defendant pursuant to a contract entered into by Mr. Net and PES PR, not PES FL.

    *ii.  PES PR's ability to protect its interests is impaired in its absence. Fed. R. Civ. P. 19(a)(1)(B)(i)*

Second, as a party to the contract, PES PR has an interest in the litigation. In making highly practical determinations, the Court "may draw reasonable, pragmatic inferences from the particular circumstances in the case to protect the absent party." Picciotto, 512 F.3d at 17. A finding that Defendant breached the contract in this case could potentially prejudice PES PR in future litigation. *See* Acton, 558 F.2d at 78 ("Even if [an absent party] would not be legally bound, an adverse ruling would be a persuasive precedent in a subsequent proceeding, and would weaken [the party]'s bargaining position" and "to proceed without [the absent party] might 'as a practical matter impair or impede' [the party's interest]."); *see also* Gonzalez v. Cruz, 926 F.2d 1, 6 (1st Cir. 1991) (holding that although a ruling against the absent party would not be binding in the state court, it "could, as a practical matter, impair [the absent party's] probability of success in a future proceeding and reduce its ability to reach a favorable settlement").

> iii. *Judgment entered in PES PR's absence risks it being subjected to inconsistent obligations. Fed. R. Civ. P. 19(a)(1)(B)(ii)*

Third, PES PR could be subject to double or inconsistent obligations in the future. "[I]nconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." Delgado v. Plaza Las Americas, Inc., 139 F.3d 1, 3 (1st Cir. 1998); *see* Bacardi Intern. Ltd, 719 F.3d at 12 (highlighting that inconsistent obligations are not the same as inconsistent adjudications). For example, the court of the Commonwealth could make different a liability determination than the federal court when it comes to PES PR obligations to shareholders and potential suits raised by Net or other similarly situated individuals. (*See* Docket No. 34 at 14 (Ruaño discussing different types of shareholder situations, noting Mr. Net and Raúl Peñagaricano have similar shares).

## B. Joinder of PES PR is not feasible since it would destroy diversity jurisdiction

"Federal courts, as courts of limited jurisdiction, may not presume the existence of subject matter jurisdiction, but, rather, must appraise their own authority to hear and determine particular cases." Watchtower Bible & Tract Soc. of New York, Inc. v. Colombani, 712 F.3d 6, 10 (1st Cir. 2013) (quotation omitted). The

statutory grant of federal jurisdiction in diversity cases gives a district court "original jurisdiction of all civil actions where the matter in controversy...is between...citizens of different States." 28 U.S.C. § 1332(a). This "requires *complete* diversity between the plaintiffs and defendants in an action." Picciotto, 512 F.3d at 17 (emphasis in original). "[W]hen the court's subject matter jurisdiction is grounded in diversity, the joinder of a nondiverse party is not feasible because such joinder destroys the court's subject matter jurisdiction." Id.; *see also* In re Olympic Mills Corp., 477 F.3d 1, 8 (1st Cir. 2007).

"Key to establishing diversity jurisdiction are the citizenships of the parties before the court." BRT Mgmt. LLC v. Malden Storage LLC, 68 F.4th 691, 696 (1st Cir. 2023). Natural persons are considered citizens of the state in which they are domiciled. Aponte-Dávila v. Mun. of Caguas, 828 F.3d 40, 46 (1st Cir. 2016). A corporation is considered a citizen of "every State ... by which it has been incorporated and of the State ... where it has its principal place of business." 28 U.S.C. § 1332(c); *see* Bearbones, Inc. v. Peerless Indem. Ins. Co., 936 F.3d 12, 15 (1st Cir. 2019). By contrast, citizenship of an unincorporated entity, such as a limited liability company, "is determined by the citizenship of all of its members." Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st

Cir. 2006). "If the members are themselves unincorporated associations, then those members' citizenships are relevant too; the process is 'iterative,' and a party must 'trace the citizenship of any member that is an unincorporated association through however many layers of members or partners there may be.'" BRT Mgmt. LLC, 68 F.4th at 696 (quoting D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 126-27 (1st Cir. 2011)).

PES PR is a limited liability company, meaning its citizenship for purposes of diversity jurisdiction is determined by the citizenship of the members of the LLC. See Pramco, 435 F.3d at 54. According to PES PR's LLC Operational Agreement, ownership shares are split fifty-fifty between members Ruaño and FRA. (Docket Nos. 21-5 and 37-11). Mr. Ruaño is a natural person who is considered a citizen of the state where he is domiciled. FRA Services, Inc. is a corporation that was incorporated in the Commonwealth of Puerto Rico on January 15, 2008 – making it a citizen of Puerto Rico for diversity purposes. (Docket No. 26-4); see 28 U.S.C. § 1332(c). Therefore, regardless of where Mr. Ruaño is domiciled, it is enough that member FRA is a citizen of Puerto Rico for PES PR to be considered a citizen of Puerto Rico as well for the purpose of diversity jurisdiction.

Pursuant to Rule 19(a), a necessary party is to be joined so long as it is feasible to do so, and joinder is not feasible if it

deprives the court of subject matter jurisdiction. PES PR is a citizen of Puerto Rico, and so is Plaintiff. Therefore, joining PES PR as a defendant in this suit would break complete diversity and deprive the court of subject matter jurisdiction. Accordingly, "if the 'matter in controversy' involves a necessary, nondiverse absentee, the court must determine whether the litigation may continue in the absence of this person or whether [the party] is so indispensable that the court should dismiss the case for want of subject matter jurisdiction." Picciotto, 512 F.3d at 17; *see also* Acton, 668 F.2d at 80.

## C. PES PR is an indispensable party under Fed. R. Civ. P. 19(b)

If a party is "necessary" but joinder is not feasible, the Court then proceeds to step two – deciding "whether 'in equity and good conscience the action should proceed among the parties before it, or should be dismissed.'" Pujol, 877 F.2d at 134 ("That is to say, is the party 'indispensable?'"). When applying Rule 19(b), the Court asks "whether it is so important, in terms of efficiency or fairness, to join this person, that, in the person's absence, the suit should not go forward at all." Id. Rule 19(b) determinations are "anything but pure legal conclusions," rather "they involve the balancing of competing interests and must be steeped in pragmatic considerations." Picciotto, 512 F.3d at 14 (quoting Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 635 (1st

Cir. 1989) (internal quotation marks omitted)). A Rule 19(b) indispensability determination means there is no viable lawsuit without the absent party. Id. at 20.

Since PES PR is a necessary party but joinder is not feasible, the Court must determine, whether in good conscience and equity, the action should proceed without PES PR. If the court cannot proceed without PES PR, then it is an indispensable party. Rule 19(b) gives four non-exclusive factors for the Court to consider in making this indispensability determination. B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc., 516 F.3d 18, 23 (1st Cir. 2008) (finding "the specified factors do not constitute an exhaustive canvass, and a court may take into account other considerations in determining whether or not to proceed without the absentee").

First, to what extent a judgment "rendered in the person's absence might prejudice that person or the existing parties." Fed. R. Civ. P. 19(b)(i). As noted above, proceeding to judgment without PES PR could be prejudicial for multiple reasons. One, it would place liability upon Defendant PES FL, who was not a party to the contracts that lie at the heart of this *Complaint*. Two, judgment rendered here could potentially prejudice PES PR in future litigation or risk subjecting it to inconsistent obligations.

Second, "the extent to which any prejudice could be lessened or avoided by" protective provisions in the judgment, shaping the

relief, or other measures. Fed. R. Civ. P. 19(b)(ii). Similarly, prejudice to PES PR could result from the potential outcomes of further litigation itself, not the specific terms of any judgment.

Third, "whether a judgment rendered in the person's absence would be adequate." Fed. R. Civ. P. 19(b)(iii). Notably, "this factor extends beyond the issue of whether relief could be shaped that would satisfy the parties[, i]t also encompasses 'the interest of the courts and the public in complete, consistent, and efficient settlement of controversies.'" Picciotto, 512 F.3d at 18 (citation omitted); see Z&B Enters., 162 Fed.Appx. at 21. Proceeding without PES PR would not efficiently resolve the dispute in this case, and its rights are inextricably intertwined with issues raised in this action. While Plaintiff asserts that PES PR is not necessary for determining Lazarus' liability to Net, the Court disagrees. Even if Lazarus assumes payment obligations for the companies it purportedly manages, that does not remove PES PR from its central role in this dispute as a party to the contracts in question.

Fourth, the availability of an adequate remedy for Plaintiff in the event of dismissal. The Court considers whether an adequate, alternative forum is available to Plaintiff. Plaintiff can join BEEWEE, PES PR, PES FL, and Lazarus as defendants in a suit in Commonwealth court. Plaintiff has not given any reason why the courts of the Commonwealth of Puerto Rico would not be a viable

alternative, and the Court sees no reason to believe the
Commonwealth court would be an inadequate forum. Further, if
Plaintiff were for some reason unable to sue in Commonwealth court,
it is a result of his own litigation strategy (of bringing the
*Complaint* to federal court) and not a sufficient reason for him to
remain in this Court on these claims. *See* Picciotto, 512 F.3d at
18-19 (noting indispensability finding would remain unchanged even
if a party was barred from pursuing remedies in an alternative
forum because bar resulted from the party's litigation strategy);
*see also* B. Fernandez & HNOS, Inc., 516 F.3d at 26.

Considering the four factors, the Court finds that PES PR is
an indispensable party to this lawsuit. Judgment in the absence of
PES PR would be prejudicial, relief cannot be shaped to avoid such
prejudice, a judgment rendered in the absence of PES PR is unlikely
to be adequate, and the courts of the Commonwealth of Puerto Rico
provide an adequate remedy for Plaintiff. "Where jurisdiction
depends solely on diversity of citizenship, the absence of a
nondiverse, indispensable party is not a mere procedural defect[;
r]ather, it destroys the district court's original subject matter
jurisdiction." Picciotto, 512 F.3d at 20. The Court finds that an
absent party, PES PR, is an indispensable party whose joinder would
destroy complete diversity. Therefore, "equity and good

conscience" require the Court to dismiss this lawsuit for failure to join indispensable party PES PR. *See* Fed. R. Civ. P. 19(b).

### IV.  CONCLUSION

For the foregoing reasons, the Court dismisses this lawsuit for failure to join an indispensable party under Fed. R. Civ. P. 19(b). Accordingly, the Court **GRANTS** Defendant's *Supplement to Motion for Summary Judgment* at Docket No. 37 and **DENIES** Plaintiff's *Motion for Substitution of Party* at Docket No. 34. The Court **FINDS AS MOOT** Defendant's *Motion for Summary Judgment* at Docket No. 21. Judgment of dismissal without prejudice shall be entered accordingly

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of September 2025.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE